## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RENEE BUNKLEY, individually and on behalf of other similarly situated individuals: | : | |
| | : | |
| Plaintiff, | : | Civil Action No. _____ |
| | : | |
| v. | : | |
| | : | |
| DELAWARE VALLEY COMFORT AT HOME, LLC | : | |
| | : | |
| Defendant. | : | |

### COLLECTIVE AND CLASS ACTION COMPLAINT

Renee Bunkley ("Plaintiff"), individually and on behalf of all other similarly situated current and former home health workers ("HHWs") employed by Delaware Valley Comfort at Home, LLC ("Defendant"), and on behalf of the members of the proposed Pennsylvania Rule 23 Class, files this Collective and Class Action Complaint against Defendant for unpaid overtime, liquidated damages, attorney fees, costs and other relief for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101 *et seq.* ("PMWA"), and/or the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.* ("PWPCL").

### I.      INTRODUCTION

1.      Plaintiff brings claims to recover unpaid overtime compensation under § 216(b) of the FLSA.  She brings these claims as collective action on behalf of all current or former HHWs employed by Defendant from three (3) years before the filing of this Complaint to the present, who

were not paid overtime at one and one half of their regular hourly rate of pay for all hours worked over forty (40) in a workweek (the "FLSA Collective").

2.      Plaintiff also brings claims to recover unpaid overtime wages under the PMWA and/or PWPCL on behalf of all current and former HHWs employed by Defendant in the state of Pennsylvania from two (2) years before the filing of this Complaint who were not paid overtime at one and one half of their regular hourly rate of pay for all hours worked over forty (40) in a workweek (the "Rule 23 Class").  Plaintiff brings these claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## II.      JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  Plaintiff's claims arise under § 207(a) of the FLSA.  Additionally, this Court has personal jurisdiction over Defendant, as Defendant is domiciled and conducts business in the Eastern District of Pennsylvania.

4.      This Court also has supplemental jurisdiction pursuant to 29 U.S.C. § 1367 over the state law claims asserted, as the state and federal claims derive from a common nucleus of operative facts.

5.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1) as Defendant is domiciled within this District and under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise the claims occurred in this District.

### III.   THE PARTIES

**Plaintiff**

6.      Plaintiff Renee Bunkley is a major, individual and a citizen of the Commonwealth of Pennsylvania who resides in Philadelphia, Pennsylvania.  Plaintiff was employed by Defendant as a HHW from approximately March 2018 to August, 2020.

7.      Pursuant to 29 U.S.C. § 216(b), Plaintiff Renee Bunkley consents in writing to be a party to this proceeding.  Her consent form is attached as Exhibit A.

**Defendant**

8.      Defendant Delaware Valley Comfort at Home, LLC is a Pennsylvania limited liability company with its principal place of business located at 213 N. Broad Street, Suite 3, Lansdale, Pennsylvania, 19446.

9.      Defendant employs HHWs who provide companionship services to Defendant's elderly and disabled clients who are located in nursing homes, group homes, mental health facilities, assisted living communities, clients' homes, hospice and hospitals.

### IV.   COVERAGE UNDER THE FLSA

10.      Defendant is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and has had an annual gross volume of sales made or business done of not less than $500,000 at all relevant times.

11.      Plaintiff and the FLSA Collective are or were individual employees engaged in commerce or in the production of goods or services for commerce as required by 29 U.S.C. § 207.

12.      Defendant, Plaintiff and the FLSA Collective used cell phones, computers, materials, supplies and medical equipment that were manufactured in or purchased and shipped

from states other than Pennsylvania and Defendant accepted checks, credit cards, electronic payments and processed other transactions from customers through interstate banks and financial institutions and provided its employees with paychecks by electronic deposit, all of which constitute interstate commerce.

13.     Further, 29 U.S.C. §207(1) enumerates domestic service workers which, pursuant to 20 C.F.R. §552.3, includes home health workers like Plaintiff and the FLSA Collective, as entitled to individual FLSA coverage, as such employment affects interstate commerce. 29 U.S.C. §202(a).

## V.     COLLECTIVE AND CLASS ACTION DEFINITIONS

14.     The group of similarly situated employees sought to be conditionally certified under the FLSA, 29 U.S.C. § 216(b), as a collective action is defined as:

> All current or former home health workers employed by Delaware Valley Comfort at Home, LLC, at any time since three (3) years prior to filing this Complaint to the present who were not paid overtime at one and one half their regular rate of pay for all hours worked over forty (40) in a work week (the "FLSA Collective").

15.     The class of similarly situated employees sought to be certified under Fed. R. Civ. P. 23(a) and 23(b) as a class action under the PMWA and PWPCL is defined as:

> All current or former home health workers employed by Delaware Valley Comfort at Home, LLC at any time since two (2) years prior to filing this Complaint to the present who were not paid overtime at one and one half their regular rate of pay for all hours worked over forty (40) in a work week (the "Rule 23 Class").

## VI.     FACTS

16.     Plaintiff, the FLSA Collective and the Rule 23 Class are or were employed by Defendant as HHWs to provide companionship services for Defendant's elderly, ill or disabled

clients at various locations, including nursing homes, group homes, mental health facilities, assisted living communities, clients' homes, hospice and hospitals

17.     Plaintiff, the FLSA Collective and the Rule 23 Class are or were employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and/or the PMWA and/or the PWPCL.

18.     Plaintiff, the Rule 23 Class and the Collective Members were paid either a day rate or by the hour.

19.     Plaintiff, the Rule 23 Class and the FLSA Collective performed no job duties or functions that qualified for any FLSA, PMWA or PWPCL overtime exemption.

20.     Defendant has suffered and permitted Plaintiff, the Rule 23 Class and the FLSA Collective to regularly work more than forty (40) hours in a workweek.

21.     For example, Plaintiff was regularly scheduled to work shifts as a live in HHW at Defendant's client's residence for twenty-one (21) or twenty-eight (28) straight days, followed by five (5) days off.

22.     Plaintiff was paid a day rate of $135.00 for each day worked and was not paid overtime for hours worked over forty (40) in a work week.

23.     Defendant has also suffered and permitted the FLSA Collective and the Rule 23 Class to regularly work more than forty (40) hours in a workweek without overtime pay.

24.     Plaintiff, the FLSA Collective and the Rule 23 Class were not compensated in accordance with the FLSA and/or the PMWA and PWPCL because they were not paid proper overtime wages for all hours worked in excess of forty (40) hours per workweek.  Specifically, rather than paying them 1.5 times their regular rate of pay for all hours worked over forty (40) in

a workweek, which is required by the FLSA, PMWA and PWPCL, Defendant paid either "straight time" or a day rate for all hours worked.

25.     Defendant is aware, or should have been aware, that Plaintiff, the FLSA Collective and the Rule 23 Class worked overtime.  Defendant assigns work schedules and requires Plaintiff, the FLSA Collective and the Rule 23 Class to work overtime.

26.     Plaintiff, the FLSA Collective and the Rule 23 Class were all subject to Defendant's uniform policy as not paying overtime to HHWS.

## VII.   <u>COLLECTIVE ACTION ALLEGATIONS</u>

27.     Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at an hourly rate of 1.5 times an employee's regular rate of pay for hours worked over forty (40) in a workweek.

28.     Defendant has violated, and is violating, the provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying HHWs, like Plaintiff and the FLSA Collective, overtime as required by law.

29.     Plaintiff is aware of other current or former employees of Defendant who were subject to the same payroll practice.

30.     Defendant's practice and policy of not paying overtime affects Plaintiff and the FLSA Collective similarly and is a willful violation of the FLSA.

31.     The FLSA Collective are all victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

32.     Defendant's failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal

circumstances of any individual employee. Thus, Plaintiff and the FLSA Collective are similarly situated.

33. Plaintiff and the FLSA Collective all have the same basic job duties and descriptions and perform the same general duties that are relevant for determining their eligibility for overtime under the FLSA.

34. The specific job titles or precise job requirements of the FLSA Collective does not prevent proceeding collectively. All of Defendant's HHWs, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek at their overtime rate. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

35. Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime compensation, liquidated damages, attorneys' fees, costs and interest.

36. Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA Collective proper overtime compensation for hours worked over forty (40).

## VIII.  PENNSYLVANIA RULE 23 CLASS ACTION ALLEGATIONS

37. The persons in the Pennsylvania Rule 23 Class are so numerous that joinder of all members of the proposed Pennsylvania Rule 23 Class is impracticable. While the precise number of class members has not been determined at this time, Defendant, on information and belief, have employed hundreds of HHWs during the class period. Plaintiff and the Rule 23 Class have been uniformly affected by Defendant's violation of law.

7

38.     There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including, but not limited to the following:

    a.   Whether Defendant violated Pennsylvania law for failure to pay overtime wages due and owing;
    b.   Whether Defendant illegally classified HHWs as overtime exempt;
    c.   The proper measure and calculation of damages;
    d.   Whether Defendant took illegal payroll deductions;
    e.   Whether Defendant's actions were willful or in good faith; and
    f.   Whether HHWs qualify for any overtime exemption.

39.     Plaintiff's claims are typical of those of the Rule 23 Class.  Plaintiff, like other members of the proposed Rule 23 Class, was subject to Defendant's practices and policies as described above.  Further, Plaintiff's job duties are typical of the Rule 23 Class, as all class members are or were HHWs providing non-exempt home health companionship services in nursing homes, group homes, mental health facilities, assisted living communities, clients' homes, hospice and hospitals.

40.     Plaintiff will fairly and adequately protect the interest of the proposed Rule 23 Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

41.     This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair an efficient adjudication of this controversy because, in the context of wage and hour litigation, individual employees lack the financial resources to vigorously prosecute separate lawsuits in federal court against corporate defendants.  Class litigation is also superior because it will preclude the need for

8

unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices.  There do not appear to be any difficulties in managing this class action.

## IX.  <u>CAUSES OF ACTION</u>

### COUNT I
### <u>OVERTIME WAGES</u>

**FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201, *et seq.***
*On Behalf of Plaintiff and the FLSA Collective against Defendant*

42.     The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees 1.5 times the regular rate of pay for all hours worked over forty (40) hours per workweek.

43.     Defendant suffered and permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq.* and its implementing regulations.

44.     Defendant took improper and excessive payroll deductions, sometimes characterized as "miscellaneous" that were not authorized by law.

45.     Defendant knew, or showed reckless disregard for the fact that it failed to pay these non-exempt HHWs proper overtime compensation in violation of the FLSA.

46.     Defendant's failure to comply with the FLSA overtime protections caused Plaintiff and the FLSA Collective to suffer loss of overtime wages and interest thereon.

47.     Plaintiff and the FLSA Collective are entitled to unpaid overtime, liquidated damages, attorney's fees and costs under the FLSA.

9

**COUNT II**
**OVERTIME WAGES**

**VIOLATION OF THE PENNSYLVANIA**
**MINIMUM WAGE ACT OF 1968 – 43 P.S. § 333.101 *et seq*.**
*On Behalf of Plaintiff and the Proposed Pennsylvania Rule 23 Class against Defendant*

48.     Plaintiff and the proposed Rule 23 Class were or are employees of Defendant within the meaning of the PMWA and PWPCL.

49.     Defendant was or is the employer of Plaintiff and the Rule 23 Class within the meaning of the PMWA and PWPCL.

50.     Defendant took improper and excessive payroll deductions, sometimes characterized as "miscellaneous" that were not authorized by law.

51.     The PMWA and PWPCL require employers like Defendant to timely pay their employees for hours worked in excess of forty (40) in an individual work week at a rate no less than one and one-half times their regular hourly rate of pay.

52.     When Defendant paid Plaintiff and the Rule 23 Class straight time or a day rate, rather than the required one and one-half times their regular hourly rate for hours worked over forty (40) in a workweek, it violated the PMWA and PWPCL.

53.     The foregoing conduct constitutes a willful violation of the PMWA and PWPCL within the meaning of the PMWA and PWPCL.

54.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Rule 23 Class have suffered damages in an amount to be determined at trial.

10

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the FLSA Collective, prays for relief as follows:

a.     Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the FLSA Collective at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

b.     Judgment that Plaintiff and the FLSA Collective are entitled to the overtime protections under the FLSA;

c.     Judgment against Defendant for violation of the overtime provisions of the FLSA;

d.     Judgment that Defendant's violations of the FLSA were willful;

e.     An award to Plaintiff and the FLSA Collective for all unpaid overtime wages and liquidated damages;

f.     An award of any pre- and post-judgment interest;

g.     An award of reasonable attorneys' fees and costs; and

h.     Such further relief as may be necessary and appropriate.


**WHEREFORE**, Plaintiff as the class representative, individually and on behalf of the proposed Rule 23 Class, prays for relief as follows:

a.     Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the proposed Rule 23 Class and the appointment of Plaintiff as class representative and her counsel as class counsel;

b.     Judgment that Defendant's conduct as described herein constitutes a violation of the PMWA and PWPCL;

c.     Judgement finding that Defendant's violations were willful;

11

      d.      An award to Plaintiff and the Rule 23 Class for all unpaid wages and liquidated damages;

      e.      An award of any pre- and post-judgment interest;

      f.      An award of reasonable attorneys' fees and costs; and

      g.      Such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury.

**THE LOVITZ LAW FIRM, P.C.**

By: /s/ *Kevin I. Lovitz*
      KEVIN I. LOVITZ, ESQUIRE
      ID # 70184
      1650 Market Street, 36th Floor
      Philadelphia, PA 19103
      (215) 735-1996 Phone
      (215) 735-1515 Fax

**BOHRER BRADY, LLC**

By: /s/ *Philip Bohrer*
      PHILIP BOHRER*
      SCOTT E. BRADY*
      8712 Jefferson Highway, Suite B
      Baton Rouge, Louisiana  70809
      (225) 925-5297 Phone
      (225) 231-7000 Fax

      *to be admitted pro hac vice